Opinion filed August 12,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00023-CR 

                                                    __________

 

                                JOYCE
ANN BENNETT, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 142nd District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR30426

 



 

                                            M E M O R A N
D U M   O P I N I O N

                                                                              

            This
is an appeal from a judgment adjudicating guilt.  Joyce Ann Bennett originally
entered a plea of guilty to theft by check pursuant to one scheme and
continuing course of conduct in the aggregate amount of at least $1,500 but not
more than $20,000.   Pursuant to the plea bargain agreement, the trial court
deferred the adjudication of her guilt and placed her on community supervision
for three years.  At the hearing on the State’s motion to adjudicate, appellant
entered pleas of true to two of the allegations.  The trial court found that
appellant had violated the terms and conditions of her community supervision,
revoked her community supervision, adjudicated her guilt, and sentenced her to
confinement in a state jail facility for fifteen months.  We dismiss.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the
brief and advised appellant of her right to review the record and file a
response to counsel’s brief.  A response has not been filed.  Court-appointed
counsel has complied with the requirements of Anders v. California, 386
U.S. 738 (1967); In re Schulman, 252 S.W.3d 403 (Tex. Crim. App. 2008); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); and Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that she may file a petition for discretionary
review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206
S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant that
she may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

PER CURIAM

 

August 12, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.